## UNITED STATES

### v.

**Sergeant Robert W. COUCH, FR 403–76–9256 2054th Communications Squadron Sheppard Technical Training Center (ATC).**

### ACM 22063.

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 March 1976.

Decided 9 Sept. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Captain Kenneth L. Davidson. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, Senior Judge, and HERMAN and ORSER, JJ.

## DECISION

EARLY, Senior Judge:

Tried by general court-martial, the accused was convicted, pursuant to his pleas, of making a false claim against the Government, absence without leave, and, despite his pleas, of obtaining medical services by false pretenses, in violation of Articles 132, 86 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 932, 886, 934. The adjudged sentence extended to a dishonorable discharge, forfeiture of all pay and allowances, confinement at hard labor for two years and reduction to airman basic. The convening authority disapproved the finding of guilty of obtaining medical services by false pretenses and approved only so much of the sentence as provides for a bad conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for one year and reduction to airman basic.

Appellate defense counsel invite our attention to the comments of the defense counsel regarding the review of the staff judge advocate and assign one additional error. As to the former, they were adequately considered in the review and the addendum thereto and correctly resolved against the accused. In their assignment, appellate defense counsel assert:

THE SPECIFICATION OF CHARGE I FAILS TO STATE AN OFFENSE.

In support of this assignment appellate defense counsel contend that the specification referred to alleges that the accused did make a false claim by preparing a voucher containing false statements and that since the act alleged was in no way criminal unless there was an express allegation of an overt act of "presentment," the specification was legally insufficient. We disagree.

At the outset, we note that the specification follows that set forth in the Manual for Courts-Martial, 1969 (Rev.), Appendix 6c (Form 114); that the accused pleaded guilty to the charge and that specification; and that after findings the trial counsel introduced documentary evidence showing that the voucher containing the false statements was signed by the accused and presented for payment to the finance office at Sheppard Air Force Base, Texas.

Turning to appellate defense counsel's assertions, they contend that the language in paragraph 211a, of the Manual for Courts-Martial, supra, is dispositive. The pertinent part reads:

Making a claim is a distinct act from presenting it. A claim may be made in one place and presented in another. The mere writing of a paper in the form of a claim, without further act to cause the paper to become a demand against the United States or an officer thereof, does not constitute "making" a claim. However, any act placing the claim in official channels constitutes "making" a claim, even if that act does not amount to "presenting" the claim.

It is apparent that appellate defense counsel confuse the separate offenses of making and presenting a false claim. Examination of Article 132 of the Code, supra, and paragraphs 211a and b shows the distinct separateness of the two offenses. Further, decisions of the Court of Military

Appeals and our predecessor Board of Review recognize the differences in the two offenses. See *United States v. Leach*, 5 U.S.C.M.A. 466, 18 C.M.R. 90 (1955); *United States v. Steele*, 2 U.S.C.M.A. 379, 9 C.M.R. 9 (1953); *United States v. Thompson*, 24 C.M.R. 553 (A.F.B.R.1957), pet. denied, 24 C.M.R. 311 (1957).

However, that does not mean that the mere preparation of a claim without more would violate the Article. "We may concede that the mere writing of a pretended claim, unbeknown to any one but the composer, would constitute no crime at all as the provisions of Article 132 . . . require some further act to cause the writing to become a demand against the Government." *United States v. Steele*, supra, 9 C.M.R. at 11.

Here the challenged specification alleges in pertinent part:

In that SERGEANT ROBERT W. COUCH, . . . , did, at Sheppard Air Force Base, Texas, on or about 18 April 1975, by preparing a voucher for presentment to Captain Charles W. Martin, an officer of the United States duly authorized to approve, allow, and pay such claim, make a claim against the United States in the amount of $207.59 for dependent travel . . . which claim was false in the amount of $207.59, in that . . . did not travel and was then known by the said Sergeant Robert W. Couch to be so false.

The words "by preparing a voucher for presentment to" and "make a claim" are, in our opinion, sufficient to allege that additional act necessary to constitute a violation of the Article. As was said in *United States v. Steele*, supra, concerning similar language in a specification:

Undoubtedly this act would be one which would start the claim in circulation in official channels. We need not determine precisely what acts would be necessary to do this. All we need determine is whether from a fair interpretation of the language of this specification there is alleged something which states more than that the accused was merely preparing to commit an offense.

\*     \*     \*     \*     \*     \*

Therefore, an allegation that the accused did make a claim against the United States is susceptible of an interpretation that a voucher was prepared by him and placed in the hands of some individual who in the normal course of events would present it to the [person authorized to approve the claim]. Unless this or some other reasonable interpretation is accepted, the allegation of making a false claim is meaningless. Under any recognized rule of interpretation this must be avoided if reasonably possible. All words and phrases contained in the specification should be given force and effect . . . In this instance the accused was fully and fairly informed that he was being charged with making a false claim against the Government, and it took careful study to discover the claimed defect in the pleading.

9 C.M.R. at 12–13.

In sum, we hold that the specification does state an offense when considered as a whole. Implicit in our decision is that the accused's plea of guilty was provident.

The findings of guilty and the sentence are

AFFIRMED.

HERMAN and ORSER, Judges, concur.